**No. 21-56105**

_____

**In the United States Court of Appeals
for the Ninth Circuit**

_____

***BELINDA HEDDE, KATHERINE MITCHELL, JOHN BRUCE CORALL, JR.,***
*Plaintiffs and Appellees,*

*v.*

***SPRING SENIOR ASSISTED LIVING, LLC,***
*Defendant and Appellant.*

_____

Appeal from the United States District Court for the Central District of California,
Case No. 2:21- cv- 06954-DMG-PVC,
the Honorable Judge Dolly M. Gee, Presiding

_____

**APPELLANT'S STATUS REPORT
PER ORDER, DATED DECEMER 2, 2021**

_____

FRASER, WATSON & CROUTCH, LLP
Nicole K. Brooks,
SB# 198225
1100 Town and Country Road, Suite 1030
Orange, California 92868
Telephone: (714) 533-3373
Facsimile: (714) 543-3374

_____

*Attorneys for Defendant and Appellant*
SPRING SENIOR ASSISTED LIVING, LLC

13554044.2

## STATUS REPORT PER ORDER, DATED DECEMBER 2, 2021

Defendant / Appellant Spring Senior Assisted Living, LLC ("Spring Senior" or "appellant") respectfully submits the following status report pursuant to this Court's order, dated December 2, 2021.

## I. PROCEDURAL HISTORY

On July 27, 2021, plaintiffs Belinda Hedde, Katherine Mitchell, and John Bruce Corall, Jr. (collectively, "plaintiffs") filed a complaint in the Los Angeles Superior Court (Case No. 21STCV27408), asserting claims of elder abuse and wrongful death (medical malpractice) against Spring Senior, among others. Plaintiffs' complaint is premised on allegations that defendants failed to properly respond to the on-going COVID-19 pandemic, causing physical harm and the untimely death of Roberta Daniels.

On August 27, 2021, Spring Senior removed this matter to the United States District Court. The case was assigned to the Honorable Judge Dolly M. Gee of the Central District Court.

On September 15, 2021, and following additional briefing by the parties as to why the case should / should not be remanded, the Central District Court entered an order remanding the case to state court. On September 17, 2021, Spring Senior filed a request for automatic 30-day stay of enforcement of the remand order in the Central District Court. The request was granted on September 28, 2021.

On October 12, 2021, appellant filed a notice of appeal to the Ninth Circuit Court of Appeals, Case No. 21-56105. The premise of the pending appeal is that the district court erred in remanding the case to state court in three fundamental respects. First, the PREP Act completely preempts plaintiffs' stated claims as arising under "covered countermeasures." Through the PREP Act, Congress provided an exclusive federal forum and remedial fund for disputes arising out of the "covered

countermeasures" challenged by plaintiffs in this case. Second, plaintiffs' stated claims raise embedded federal issues pursuant to *Grable & Sons Metal Prods. v. Darue Engineering & Manufacturing* (2005) 545 U.S. 308, which compel granting federal jurisdiction because of the need for uniformity in the interpretation and enforcement of federal law in responding to the pandemic. Third, Spring Senior's response to the pandemic was at the specific direction of, and to assist, the federal government through its agents, including the Department of Health and Human Services, the Centers for Medicare and Medicaid Services, and its state agent, the California Department of Public Health; and the Center for Disease Control and Prevention, such that it was "acting under" a federal officer as contemplated by 28 U.S.C. § 1442(a)(1) and *Watson v. Philip Morris Companies, Inc.* (2007) 551 U.S. 142. In short, the appeal takes the position that the Central District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and the federal officer removal statute, and erred in remanding the case.

On August 30, 2021, the Ninth Circuit Court of Appeals issued a scheduling order.

On September 17, 2021, appellant filed a motion to stay appellate proceedings pending resolution of *Saldana v. Glenhaven Healthcare, LLC* (Ninth Circuit Case No. 20-56194) and *Emma Martin, et al. v. Serrano Post-Acute, LLC* (Ninth Circuit Case Nos. 20-56067 and 20-56078).

On September 28, 2021, this Court granted appellant's motion for a stay of the appellate proceedings, and ordered appellant to file a status report on March 2, 2022, and every ninety (90) days and within seven (7) days of a decision in the *Saldana* and two *Martin* appeals.

Since that time, appellants have filed 90-day status reports with the Ninth Circuit on February 25, 2022, May 2, 2022, July 29, 2022 and October 28, 2022.

## II.   CASE STATUS: *MARTIN* AND *SALDANA*

On October 21, 2021, the Ninth Circuit heard oral argument in *Saldana v. Glenhaven Healthcare, LLC* (Ninth Circuit Case No. 20-56194) and *Emma Martin, et al. v. Serrano Post-Acute, LLC* (Ninth Circuit Case Nos. 20-56067 and 20-56078). On October 26, 2021, appellants filed and served citations of supplemental authorities in all three cases. On December 20, 2021, attorney Veena Bhatia of Cotchett, Pitre & McCarthy, LLP filed a notice of appearance on behalf of appellees in the *Martin* actions. On January 4, 2022, appellees filed citations of supplemental authorities in all three cases. On January 6, 2022, appellants filed citations of supplemental authorities in the *Saldana* action.  On February 7, 2022, appellees in the *Saldana* action filed a citation of supplemental authorities.

On February 22, 2022, the Ninth Circuit issued an opinion in the *Saldana* matter, affirming the  district court's decision and holding that the PREP Act does not completely preempt state-law claims, that appellants (Glenhaven, et al.) were not acting under the direction of a federal officer, and that the *Grable* doctrine did not apply.

On February 25, 2022, the Ninth Circuit issued a memorandum disposition in the *Martin* matter, citing *Saldana* and holding that the complaint does not raise an imbedded federal question that would invoke a federal court's subject matter as the causes of action alleged therein did not necessarily raise substantial federal issues that are "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

On March 1, 2022, the *Saldana* appellants filed a motion to extend time to file a petition for panel rehearing and rehearing en banc until March 22, 2022.  On March 4, 2022 and March 8, 2022, the *Martin* appellants filed motions to extend time to file a petition for panel rehearing and rehearing en banc until March 25, 2022. On

March 8, 2022, the Ninth Circuit granted appellants' motions to extend the time to file Rehearing Petitions in both the *Saldana* and *Martin* actions.

On March 11, 2022, the *Martin* appellees filed a bill of costs in the amount of $42.60.

On March 22, 2022, appellants filed a rehearing petition in *Saldana*. On March 25, 2022, appellants filed a joint rehearing petition in the *Martin* actions.

On March 30, 2022 and April 1, 2022, the Chamber of Commerce of the United States of America and the American Hospital Association, and the Pharmaceutical Research and Manufacturers of America and Biotechnology Innovation Organization, respectively, entered appearances of Amici Curiae and submitted Amicus briefs for review in the *Saldana* action.

On April 18, 2022, the Ninth Circuit issued orders, denying appellants' Rehearing Petition by unanimous vote in both the *Saldana* and *Martin* actions.

On April 26, 2022, the Ninth Circuit issued final mandates as to the orders, dated February 22, 2022 and February 25, 2022, in the *Saldana* and *Martin* actions, respectively.

On May 2, 2022, appellees in *Martin* filed a motion for attorneys' fees in the amount of $201,207.50, which was briefed by the parties. On May 19, 2022, the court denied the motion.

On July 12, 2022, the Clerk of the United States Supreme Court authored a letter to the Clerk of the United States Court of Appeals for the Ninth Circuit, extending the time within which appellants in *Saldana* can file a petition for a writ of certiorari through August 29, 2022.

On August 29, 2022, Petitioners Glenhaven Healthcare, LLC, et al. filed a Petition for Writ of Certiorari. On September 13, 2022, Respondents Jackie Saldana, et al. filed a motion to extend the time to file a response from September 30, 2022 to October 31, 2022, which was granted. On September 14, 2022, Atlantic Legal

13554044.2                                                    4

Foundation filed a Brief Amicus Curiae. On September 30, 2022, the Chamber of Commerce of the United States of America, et al. filed a Brief Amicus Curiae. On October 18, 2022, Respondents filed a response in opposition to Petitioners' Writ of Certiorari. On November 21, 2022, the United States Supreme Court denied the Petition for Writ of Certiorari filed in the *Saldana* matter.

## III.   THE STATE COURT ACTION IS STAYED

On October 18, 2021, Spring Senior filed a motion to stay the state court action pending resolution of the appeal. The motion was granted on December 8, 2021. The state court action is stayed pending appeal. A status conference was continued to March 14, 2023.

Respectfully submitted,

Fraser Watson Croutch, LLP

/s/ *Nicole K. Brooks*

Nicole K. Brooks
1100 Town and Country Road, Suite 1030
Orange, California 92868
nbrooks@fwcllp.com
Attorneys for Appellants

## <u>CERTIFICATE OF SERVICE</u>
## FOR CASE NUMBER 21-56105

I hereby certify that on February 2, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

**STATUS REPORT PER COURT ORDER DATED DECEMBER 2, 2021**

Participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.


/s/ *Nicole K. Brooks*
Nicole K. Brooks

13554044.2                                                          6